E-FILED
Wednesday, 10 August, 2005 11:21:47 AM
CLERK, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS

SUSAN V. REYNOLDS

VS.                                          CASE 00-3335 AND those cases in conjunction in
the
                                                     matters of Susan V. Reynolds

THE PEOPLE


### Discovery In The Matters Of Susan V. Reynolds

Now Comes, Susan V. Reynolds pro-se and files this discovery pursuant to the Federal, State and Appellate

court orders and in support states as follows:

1.    That Dr. Jane Velez stated for the record that documents A-Z are what Judge Scott needed of this District
    not Illinois Attorney Scott Paulsen (mistaken identity of record and this correction has been filed for the
    Judges notes).

2.    Attached are the exhibits needed for Judge Scott of the United States District Court Central District of
    Illinois as part and partial to my employee number with the State of Illinois 0129-273894 registration number.

3.    That as a matter of privilage these documents are marked reviewed by the deputy for best interest in all cases.

Wherefore: I pray a review of this discovery pursuant to Judge Scotts' request to Dr. Jane Velez and a correction
to the appropriate persons request.

Susan V. Reynolds
701 Fischer Road home 264
Creve Coeur, Illinois 61610

Verification

To the best of my knowledge these statements are more truthful than not not truthful

Susan V. Reynolds  (sincerely)

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT OF ILLINOIS
TAZEWELL COUNTY

People

     Plaintiff _____

vs.

Susan Reynolds Defendant _____

)
)
)
)
)
)
)
)
)

FILED

Division   MAR 1 5 2004

*Pam Gardner*
TAZEWELL COUNTY CIRCUIT CLERK
TENTH JUDICIAL CIRCUIT OF ILLINOIS

Case No. O1 CM 155

## ORDER

Pursuant to this Court's 3/11/04 order of Dismissal, all prior orders and findings entered in this cause are hereby vacated, including but not limited to the 2/23/04 finding of unfitness.

Due to the 3/11/04 order of dismissal and this order vacating all prior orders and findings, The Defendant withdraws as moot her previously filed Notice of Appeal.

PRO/
DT

Enter 3/15/04 _____

_____
JUDGE OF THE TENTH JUDICIAL CIRCUIT



STATE OF ILLINOIS
DEPARTMENT OF PROFESSIONAL REGULATION
FERNANDO E. GRILLO  DIRECTOR
PERMANENT EMPLOYEE REGISTRATION CARD

The below named individual has met requirements for registration under the
Private Detective, Private Alarm, Private Security and Locksmith Act of 2004.

Reg. No:                                    Expires:   5/31/2006

IN THE CIRCUIT OF THE TENTH JUDICIAL DISTRICT OF THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,
                                    Plaintiff,

VS.                                              Case 01JA57

SUSAN V. REYNOLDS

                                    Defendant,

RECEIVED
MAR 1 5 2005

BY: *dw*.........*1:41 pm*

Witness List

1.   Randall Martin    1-309-694-0133
                        1-309-397-0976 cell
                        1-309-699-9511
                        1-309-999-4601

Verification

To the best of my knowledge these statements are true

*Susan V. Reynolds*
Susan V. Reynolds

State of Illinois
County of Peoria
Signed before me on March 15, 2005 by
Susan U. Reynolds.

*Kimbery Kay Berger*

"OFFICIAL SEAL"
NOTARY PUBLIC
KIMBERLY KAY BERGER
STATE OF ILLINOIS COMMISSION EXPIRES 07/30/07

Point order

**SENDER:** *COMPLETE THIS SECTION*

■ Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Doctor Thina Polent
900 Main Suit 580
Peoria, Illinois 61602

Case 01JA59

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
WENA TOTENT   9/28/04

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7004 1160 0001 2348 3721

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



# UNITED STATES DISTRICT COURT

**JOHN M. WATERS**
CLERK OF COURT

## CENTRAL DISTRICT OF ILLINOIS

TEL: 217.492.4020
FAX: 217.492.4028

**OFFICE OF THE CLERK**
151 U.S. COURTHOUSE
600 EAST MONROE STREET
SPRINGFIELD, ILLINOIS 62701

September 12, 2003

Susan Reynolds
701 Fischer Road
Home 264
Creve Couer, IL 61610

This letter is in response to your request dated September 1, 2003 for return of tape recordings per order of May 12, 2003.

Attached is a certified copy of the order of May 12, 2003 you are referring to in your letter.   The order states:

> "Plaintiff therefore may take possession of the tape recordings by appearing in person at the Clerk's Office at 600 E Monroe Street Springfield IL. Upon presenting a valid driver's license, the Clerk is directed to deliver the tape recordings to Plaintiff upon execution of a receipt".

Sincerely,

By



# United States District Court

## central district of illinois

JOHN M.
WATERS
clerk of court

### office of the clerk
151 U.S. COURTHOUSE
600 EAST MONROE STREET
SPRINGFIELD, ILLINOIS 62701

TEL: 217.492.4020
FAX: 217.492.4028

RE: _____Reynolds_____ v _____Peoria Police_____

Case # ___00-3335___

Received ___Evidence Tapes of___ (Plaintiff/~~Defendant~~) exhibits from the
Clerk, U.S. District Court for the Central District of Illinois, Springfield Division,
this __8th__ day of __October, 2003__.

Received by: _Susan Veronica Reynolds_
_Langston_

rec'd discovery
fos W.P. Atkins

10-8-03

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT OF ILLINOIS
TAZEWELL COUNTY

THE PEOPLE OF THE STATE OF ILLINOIS, )
                                      )
                        Plaintiff,    )
                                      )
v.                                    )        Case No. 01 CM 1333
                                      )
SUSAN V. REYNOLDS,                    )
                                      )
                        Defendant.    )

FILED
JUL 16 2003

## MOTION IN LIMINE

Now comes Dale Thomas, Public Defender for Defendant, Susan Reynolds, and hereby files

this Motion in Limine and states as follows:

1.      The defense requests that the State not be allowed to mention in opening, question

any witness nor argue in closing the following matters:

(a)      That there is a pending juvenile case alleging (child) neglect. Dr. Velez'

April 29, 2003 Fitness for trial evaluation was performed in conjunction with Defendant's pending

juvenile file, 01 JA 57. However, this fitness trial involves the underlying criminal charge of

violation of Order of Protection. It is prejudicial to Defendant for the State to bring out anything in

this misdemeanor fitness trial regarding the pendency of a juvenile abuse file alleging (child) neglect.

It is an impermissible attempt to bring in prior bad acts.

(b)      At numerous places in Dr. Velez' report, there are references to

> An arrest for child endangerment and having an invalid FOID card;
> DCFS Petition/Removal of Defendant's children from her care for
  certain reasons including, but not limited to, an invalid FOID
  card/leaving a loaded weapon in close proximity of Defendant's
  children/environmental reasons;
> Juvenile court case;
> Return of Defendant's children to her care;
> DCFS service plan;
> Other Orders of Protection against Defendant (not relevant to the OP
  alleged in this case);

⊘ Police investigation of an incident on 7/20/01;
➤ The whereabouts of her children; and
⊘ Being jailed 6-8 times.

All of these above matters are prejudicial to Defendant and improperly admitted as prior bad acts and the State must be barred from presenting same.

(c)   Dr. Velez's report also references "rumored" prior psychiatric hospitalizations, all denied by Defendant and for which Dr. Velez has no proof of admission other than the rumors heard by Dr. Velez. (P.7 2nd full paragraph and P.11 line 7). Obviously, as the State has no proper evidence of any previous psychiatric hospitalizations, the State must be barred from alluding to same.

(d)   The State's witness, Dr. Velez', testimony must be limited to the statements, facts and opinions set forth in her 4/29/03 and 4/18/02 psychological evaluations. Pursuant to this Court's 5/23/03 Order, these are only two reports turned over by the State to Defendant's counsel. Accordingly, the State should be barred from presenting any statements, facts, or opinions that are beyond Dr. Velez' two reports or are not explicitly stated in said reports.

WHEREFORE, Defendant respectfully requests that this Motion in Limine be granted in all respects and that the State be barred from mentioning any of the above matters during opening statements, in questioning of witnesses, and in closing arguments and that the State be admonished to so inform its witnesses of same, and for all other relief to which Defendant is entitled.

Respectfully submitted,
Susan V. Reynolds, Defendant

By: _____

Dale Thomas, Public Defender for Defendant

Dale Thomas
333 Margaret Street
Pekin, Illinois 61554
(309) 346-5297
Fax: (309) 346-4439



CERTIFICATE OF SERVICE
The undersigned certifies that the [...] instrument was served upon all parties to the above cause [...] the attorneys of record herein at their respective addresses disclosed on the pleadings on_____ 20__

☐ U.S. Mail        ☐ FAX
☒ Hand Delivered   ☐ Overnight Courier
☐ Certified Mail   ☐ Other

Signature_____

No. 3-04-0152

## IN THE APPELLATE COURT OF ILLINOIS

### THIRD JUDICIAL DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the Circuit Court of the Tenth Judicial Circuit, |
| Plaintiff-Appellee, ) | Tazewell County, Illinois. |
| -vs- ) | No. 01-CM-1333. |
| SUSAN V. REYNOLDS, ) | Honorable |
| Defendant-Appellant. ) | Rebecca Steenrod, Judge Presiding. |

### AFFIDAVIT

I, Susan V. Reynolds, state as follows:

1. I am the defendant-appellant in the above-entitled cause.

2. The Office of the State Appellate Defender was appointed to represent me in this appeal.

3. I have been informed by my attorney, Assistant Defender Brown, of the consequences of dismissing my appeal. I realize that by dismissing my appeal I forego any appellate-attack on my conviction or sentence.

4. I have decided that I no longer wish to pursue this appeal, I have authorized the Office of the State Appellate Defender to move to dismiss the appeal.

Susan V. Reynolds
SUSAN V. REYNOLDS

SUBSCRIBED AND SWORN TO
Before me on the 29th day of
March, 2004.

Roberta J. Eisert
NOTARY PUBLIC

Official Seal
Roberta J. Eisert
Notary Public State of Illinois
My Commission Expires 12/14/05

ILLINOIS APPELLATE COURT
THIRD DISTRICT
---FACT SHEET---

PAGE   1
3-05-0448
SC Rule 303

3-05-0448   In re E.R., and J.L.,
            Minors
            (The People of the State
            of Illinois,
                Petitioner-Appellee,
            v.
            Susan R.,
                Respondent-Appellant).

STATUS:   ACTIVE
AUTHOR:
PANEL:
RECUSALS:
SUBMITTED:
ASSIGNED:
READY:

TRIAL JUDGE: Steenrod, Rebecca
TRIAL COURT NO.: 01JA57
CIVIL/
TRIAL ORDER ENTER DATE: 06/06/05

CNTY: Tazewell (10)

Appellant
    ATTORNEY: Ms. Susan V. Reynolds
              701 Fisher Road, #264
              Creve Coeur, IL  61610
              (309) 699-3881
         FEE: $25      DATE: 07/05/05      RECEIPT NO.: 3496
       PARTY:   Susan R.
              AC DESG: Appellant    TC DESG: Respondent
--------------------------------------------------------------------
Appellee
    ATTORNEY: Mr. Lawrence M. Bauer Deputy Director
              State's Attorneys Appellate Prosecutor
              628 Columbus Street, Suite 300
              Ottawa, IL  61350
              (815) 434-7010
         FEE:      WVD DATE:           RECEIPT NO.:
    ATTORNEY: Mr. Stewart Umholtz
              State's Attorney
              Tazewell County Courthouse
              Pekin, IL  61554
       PARTY:   People
              AC DESG: Appellee     TC DESG: Petitioner
--------------------------------------------------------------------

--------------------------------------------------------- --DUE---  -FILED--
                                                                    06/30/05
Notice of Appeal..........................(TRIAL: 06/30/05)
Docketing Statement.......................................  07/14/05
Record on Appeal..........................................  09/01/05
Report of Proceedings.....................................  08/18/05
Appellant Brief...........................................  10/06/05
Appellee Brief............................................  11/10/05
Appellant Reply Brief.....................................  11/28/05
--------------------------------------------------------------------
                     **** END OF FACT SHEET ****

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT OF ILLINOIS
TAZEWELL COUNTY

Traffic _____ Division

State

Plaintiff ____

vs.    Case No. 01-TR-20685-86

Susan V. Reynolds

Defendant ____

## ORDER

Jury trial Setting is hereby vacated where is set
for appeal and will be rescheduled when and if this court
regains jurisdiction over this matter.

FILED
AUG 1 2 2002
TAZEWELL COUNTY CIRCUIT

Entered: 8-12-02.

Copy to Δ in person

_____
JUDGE OF THE TENTH JUDICIAL CIRCUIT

# MISCELLANEOUS CASE REPORT / EAST PEORIA POLICE DEPARTMENT

Page 1 of 3

| WALK-IN | ON-VIEW | DATE | TIME | AGENCY ID | CASE NO |
|---|---|---|---|---|---|
| | | 03-22-04 | 0916 | IL 0900300 | 04-4492 |

TITLE / CLASSIFICATION: CONFISCATION OF FOID CARD

DIST: 4  ☐ PHONE  ☒ DISPATCH

| NO | SEC A | SEC B | SEC C | SEC D | SEC E | NAME / BUSINESS | ADDRESS | PHONE | D.O.B | SS NO/D.L NO | OTHER |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | C/W | O | S | | F/W | POL | BEENEY, TARA | 201 W WASHINGTON ST | 698-4700 | ON | FILE |
| 2 | S | O | S | | F/W | N/A | REYNOLDS, SUSAN V | 701 FISHER RD. LOT 264, C.C | 699-3881 | 04-20-59 | FILE |
| 3 | W | O | S | | M/W | POL | SCHMECHEL, SGT. J.D. | 201 W WASHINGTON ST | 698-4700 | ON | FILE |
| 4 | W | O | S | | M/W | POL | BELVERY, SGT. DAVE | 201 W WASHINGTON ST | ON FILE | ON | FILE |

VICTIM ☐  SUSP. ☒

V.I.N.: 3FAFP11302R117834

| YEAR | MAKE | MODEL | STYLE | PRIMARY COLOR |
|---|---|---|---|---|
| 2002 | FORD | ESCORT | 2DR | SILVER |

| DIVISION | CAR NO |
|---|---|
| PATROL | B5 |

LIC NO: SUE2Q21  ST: IL  YR: 04

NARRATIVE

ON THE MORNING OF 03-22-04 IN SHIFT BRIEFING AT APPROX. 0600 HOURS, R/O T BEENEY AND THE OTHER OFFICERS WERE TOLD ABOUT A FEMALE WHO HAD MADE DEATH THREATS AND HAD GOTTEN A FOID CARD AND PURCHASED A GUN. THE VICTIM, DR. JANE VELEZ, WORKS AT THE ST. FRANCIS CLINIC, 100 N MAIN ST. EAST PEORIA. VELEZ IS SCHEDULED TODAY TO TESTIFY AT 1330 HOURS IN TAZEWELL CO TO HAVE SUSAN V REYNOLDS, W/F 04-20-59 COMMITTED. LAST EVENING AT 2100 HOURS, VELEZ RECEIVED A PHONE CALL FROM ANNA PETERS WHO IS WITH THE TAZEWELL CO SA OFFICE. PETERS TOLD VELEZ THAT REYNOLDS HAD GOTTEN A VALID FOID CARD AND PURCHASED A WEAPON. PETERS ALSO ADVISED THAT REYNOLDS WAS MAKING THREATS TO SHOOT DR. VELEZ AT THE COURTHOUSE TODAY. DR VELEZ IS CONCERNED FOR HER SAFETY AND THE SAFETY OF HER STAFF AT THE OFFICE HERE AT 100 N MAIN ST. SHE WAS REQUESTING EXTRA PATROL, THE OFFICE OPENS AT 0830 HOURS. VELEZ HAD BEEN INSTRUCTED TO CALL US IMMEDIATELY IF SHE SEES ANY SIGNS OF REYNOLDS. CREVE COBUR PD CHECKED REYNOLDS ADDRESS IN THEIR VILLAGE, 701 FISCHER RD LOT 264. THEY ADVISED THAT HER CAR WAS THERE. REYNOLDS CAR IS A 2002 SILVER FORD ESCORT 2DR, IL LIC SUE2Q21. SGT SCHMECHEL ADVISED THAT HE WANTED SOME OFFICERS IN THE AREA OF THE CLINIC STARTING AT AROUND 0800 HOURS TO CHECK FOR REYNOLDS. WE SAT IN THE AREA AND KEPT WATCH, BUT AS OF 0900 HOURS, WE HAD NOT SEEN HER OR ANYTHING THAT APPEARED OUT OF THE ORDINARY. AT APPROX. 0905 HOURS, THE C.C CHIEF BUTTONS, ADVISED THAT REYNOLDS WAS NOW DRIVING AWAY FROM HER TRAILER. HE FOLLOWED HER AND HE ADVISED US THAT SHE WAS NOW NORTH BOUND ON RT 29. I POSITIONED MYSELF AT THE SPEED LUBE AND SGT. SCHMECHEL ON JOHNSON ST. THE OTHER OFFICERS WERE IN THE AREA OF THE CLINIC ITSELF. WE WERE THEN ADVISED BY C.C PD THAT SHE WAS NOW IN OUR CITY ON SOUTH MAIN ST. AS SHE PASSED ME WEARING A YELLOW SWEATSHIRT, I PULLED OUT INTO TRAFFIC. SGT SCHMECHEL PULLED OUT AND GOT IN BETWEEN HER AND I. REYNOLDS AT GOLD ST. TURNED LEFT INTO THE ALDI'S PARKING LOT.

REPORTING OFFICER / BADGE NO: TARA BEENEY

SIGNATURE: Tara Beeney

SUPERVISOR APPROVING / BADGE NO: Scr McGee 3460

EXTRA COPIES TO: TAZ Co.

IL 418-0714
CFS 497 Part 1
Rev 6/92

Illinois Department of Children and Family Services
**Client Service Plan Narrative**

Date of Plan _7/15/04_

Family Name Reynolds                                        Case I.D. _71500200_

**Please answer all of the following questions; if this is the initial case plan after children are placed and a current assessment is attached including reasonable efforts check list, skip to Question 5.**

1. What problem(s) brought this case to the attention of the Department? (If child[ren] is in placement, indicate why.)

The Department became involved with this case due to a hotline call being made alleging Susan Reynolds was schizophrinic and refusing treatment. It was believed that Erika and Jeffrey were at Risk of Harm.

On 7/18/01 DCFS went to Ms. Reynolds home to investigate the childrens safety. While the investigator was at the home, a loaded hand gun was found on the floor under the couch in the living room. This created an environment of inadequate supervision as well as Risk of Harm. Her daughter and friends had access to the area of the house where the gun was found. Susan Reynolds has mental health issues that create an environment of Risk of Harm to the children.

Susan Reynolds was arrested for having an invalid FOID card and child endangerment. The children were placed in protective custody.   *different Number.*

Ms. Reynolds was indicated for neglect. *Case O/C M 1333   Exhibit A.*

2. Why does family or child currently need DCFS services? (What problem[s] remain to be addressed?) Identify the needs of any family member for communication.

Ms. Reynolds is primarily in need of psychiatric treatment, which she has not been cooperative with thus far. Ms. Reynolds will need ongoing counseling, once she has been seen by a psychiatrist and follows their recommendations. The children continue to require a safe and stable alternative living arrangement due to their mother's untreated mental health issues. Erika will continue her education.

3. Summarize significant developments/events in the case since the last case plan.

The petition on termination of parental rights was withdrawn on 3/12/04. The shelter care petition was adjudicated on 3/22/04, followed by Disposition on 4/19/04. A permanency review has been set for 10/19/04. It is this worker's understanding that Susan Reynolds is currently appealing the Adjudication and/or Disposition order though LSSI has not received formal notice from the State or Court.

Ms. Reynolds was ordered to complete a mental health assessment and follow all recommendations of her psychological evaluation and those of all mental health professionals. Ms. Reynolds has not complied with these orders to date. She has, however, been regularly visiting with her children at LSSI since 5/5/04.

# SUPPLEMENTARY REPORT

| CASE NUMBER | CLASSIFICATION | NUMBER |
|---|---|---|
| 04-4492 | CONFISCATION OF FOID CARD | |

| NAME OF COMPLAINANT | ADDRESS | PHONE NO. |
|---|---|---|
| TARA BEENEY | 201 W WASHINGTON ST. | 698-4700 |
| | EAST PEORIA IL. | |

OFFENSE CONFISCATION OF FOID CARD

| PAGE NUMBER | DETAILS OF OFFENSE, PROGRESS OF INVESTIGATION, ETC. (Investigating Officer must sign) | DATE |
|---|---|---|
| PAGE 2 OF 3 | | 03-22-04 |

### NARRATIVE

REYNOLDS THEN WENT AND GOT IN THE DRIVE THRU LINE AT UNION PLANTERS BANK. WE SAT BACK AND WATCHED HER FOR A BIT AND THEN I WENT OVER TO THE WEST SIDE OF THE BUILDING. AS I GOT OVER THERE, REYNOLDS WAS RIGHT IN FRONT OF ME AND SHE WAS PULLING OUT EAST ONTO W WASHINGTON ST. I ADVISED EVERYONE WHERE SHE WAS GOING. DUE TO THE UNKNOWN STATE OF MIND WITH REYNOLDS AND THE FOID CARD, GUN PURCHASE AND THREATS, SGT. SCHMECHEL ADVISED ME TO STOP HER ONCE WE GOT THROUGH THE INTERSECTION OF MAIN ST. WE WERE CONCERNED THAT SHE WAS GOING OVER TO THE ST. FRANCIS CLINIC AND WE DID NOT KNOW IF THE WEAPON WAS IN THE CAR WITH HER. AFTER I WENT THROUGH THE INTERSECTION OF WASHINGTON AND MAIN, I ACTIVATED MY EMERGENCY LIGHTS. WHEN I DID SO, REYNOLDS SIGNALED AND PULLED INTO THE ENTRANCE TO KROGERS OFF OF E. WASHINGTON ST. SGT. SCHMECHEL, OFFICER WOLFE, JAMES AND VIRGIL WERE ALSO ON SCENE. AS I EXITED MY SQUAD CAR, REYNOLDS WENT TO GET OUT OF HER CAR, I TOLD HER TO SIT TIGHT. I THEN APPROACHED THE CAR AND BEGAN TALKING TO HER. SHE ASKED IF I WANTED TO SEE HER LICENSE AND INSURANCE AND I SAID YES. REYNOLDS WAS ABLE TO PRODUCE THESE ITEMS. AS SHE WAS LOOKING FOR THESE ITEMS, I CONDUCTED A BRIEF PLAIN VIEW SEARCH IN THE CAR FOR THE GUN, BUT I DID NOT SEE ONE. AT THAT POINT, I HAD REYNOLDS STEP OUT OF HER CAR AND BACK BY MY SQUAD CAR. SHE WAS COOPERATIVE, BUT HER MENTAL STATUS SEEMED A LITTLE OFF. I ASKED HER ABOUT HAVING A FOID CARD AND PURCHASING A GUN AND SHE TOLD ME THE FOLLOWING. REYNOLDS SAID THAT SHE HAD WANTED A GUN TO PROTECT HERSELF. SHE SAID THAT SHE WENT ABOUT IT THE RIGHT WAY, BY GETTING THE FOID AND PURCHASING THE GUN. SHE SAID THAT SHE IS TAKING LESSONS IN BLOOMINGTON AT AN INDOOR RANGE. I ASKED REYNOLDS IF SHE HAD THE GUN IN THE CAR AND SHE SAID NO, BUT I HAVE MY FOID CARD. SHE SAID GO AHEAD AND LOOK THROUGH MY CAR IT IS NOT IN THERE, IT IS AT HOME ON A DESK. OFFICERS WOLFE, VIRGIL AND JAMES SEARCHED THE CAR, THEY DID NOT FIND THE GUN OR ANY AMMO, BUT THEY DID FIND THE BOX THAT THE GUN HAD CAME IN. THE TRUNK WAS ALSO SEARCHED. IN THE CAR WAS A PICTURE OUT OF A MAGAZINE OF PRINCESS DIANA BEFORE SHE DIED WITH SOME GENTLEMAN. REYNOLDS HAD DRAWN AN ARROW TO PRINCESS DIANA AND HAD WROTE IN INK PEN, MY MOM. DUE TO ALL OF THE CIRCUMSTANCES AROUND WITH THE THREATS AND QUESTION OF COMPETENCY, I TOLD REYNOLDS THAT WE NEEDED TO GET THE GUN AT HER PLACE. I ASKED HER IF SHE WOULD RIDE WITH ME TO HER TRAILER SO I COULD GET THE GUN AND ACCESSORIES. SHE SAID THAT SHE WOULD. I THEN PARKED HER CAR IN THE LIBRARY PARKING LOT AND SHE RODE WITH ME TO HER HOME. OFFICER JAMES FOLLOWED ME AND WE MET SGT. BELVERY THERE. ONCE THERE, REYNOLDS TOLD MYSELF AND SGT. BELVERY WHERE THE GUN, MAGAZINE, CASE AND RECEIPT WAS. WE THEN ENTERED THE TRAILER. WE FOUND THE BERETTA 22 ON A DESK WITH ONE ROUND IN THE CHAMBER, BUT NO MAGAZINE IN IT. I ALSO FOUND THE CASE AND 2 BOXES OF AMMO. THE GUN WAS CLEARED AND EVERYTHING EXCEPT FOR THE GUN WAS PUT IN THE CASE AND HANDED OVER TO SGT. BELVERY. SGT. BELVERY TOOK THE GUN IN HIS OWN POSSESSION. WE TOLD REYNOLDS THAT IT WAS GOING INTO SAFE KEEPING FOR A BIT BY CC PD AND SHE WAS GIVEN A RECEIPT FOR THE PROPERTY THAT HAD BEEN TAKEN. I THEN AT THE SCENE THERE, TOOK HER FOID CARD. REYNOLDS KEPT TELLING ME THAT SHE HAD COURT THIS AFTERNOON AND THAT EVERYTHING WOULD BE WORKED OUT THEN. AFTER THE ITEMS WERE TAKEN OUT OF HER HOUSE

| INVESTIGATING OFFICER (S) | REPORT MADE BY | DATE | APPROVED BY |
|---|---|---|---|
| TARA Beeney | Tara Beeney | 3-22-04 | SCHODSCEE 3260 |
| CASE FILED ☐ YES ☑ NO | THIS CASE IS ☐ UNFOUNDED ☐ CLEARED BY ARREST | ☑ INACTIVE ☐ ACTIVE | ☐ OTHER |

# SUPPLEMENTARY REPORT

| CASE NUMBER | CLASSIFICATION | NUMBER |
|---|---|---|
| 04-4492 | CONFISCATION OF FOID CARD | |

| NAME OF COMPLAINANT | ADDRESS | PHONE NO. |
|---|---|---|
| TARA BEENEY | 201 W WASHINGTON ST | 698-4700 |
| | EAST PEORIA IL | |

OFFENSE CONFISCATION OF FOID CARD

| PAGE NUMBER | DETAILS OF OFFENSE, PROGRESS OF INVESTIGATION, ETC. (Investigating Officer must sign) | DATE |
|---|---|---|
| PAGE 3 OF | | 03-22-04 |

## NARRATIVE

I TRANSPORTED REYNOLDS TO OUR STATION.  THERE SGT. SCHMECHEL AND MYSELF TALKED TO REYNOLDS, EXPLAINING WHY ALL OF THIS WAS HAPPENING.  REYNOLDS SAID THAT SHE DID NOT MAKE THOSE THREATS AND THAT THE ONLY REASON SHE HAS A GUN IS FOR PROTECTION.  SHE SAID THAT SHE UNDERSTOOD THAT SHE WAS NOT TO GO ON ANY OF THE PROPERTY OVER AT 100 N MAIN ST, NOT EVEN THE PARKING LOT BECAUSE DR. VELEZ DOES NOT WANT TO HAVE ANY CONTACT WITH HER WHATSO EVER.  REYNOLDS WAS ALSO TOLD THAT UNDER NO CIRCUMSTANCES COULD SHE PURCHASE A GUN AT THIS TIME.  WE TOLD HER THAT WE HAD TAKEN HER FOID CARD AND THAT IT WAS NOT VALID UNTIL SHE HAD FURTHER CORRESPONDENCE STATING OTHER WISE.  REYNOLDS SAID THAT SHE UNDERSTOOD.  I THEN WENT TO TAKE HER BACK TO HER CAR AT THE LIBRARY LOT.  PRIOR TO MY ARRIVAL, SGT. SCHMECHEL TOLE ME TO HANG ONTO HER A MINUTE, HE WAS NEEDED TO SPEAK TO PETERS.  SGT. SCHMECHEL SPOKE TO WHOM HE NEEDED AND IT WAS ADVISED THAT SHE WOULD NOT BE HELD AT THIS TIME ON ANY CHARGES.  I LET REYNOLDS GO AT APPROX. 1130 HOURS.  HER FOID CARD WAS PLACED INTO EVIDENCE.  ALSO ATTACHED TO THIS REPORT ARE THE PRINTOUTS ON THE FOID CARDS THAT SHE HAS HAD IN THE PAST THAT HAVE BEEN CANCELLED.  THE STATE POLICE, FOID DIVISION WILL ALSO NEED A COPY OF THIS REPORT FOR REVIEW ON VALIDITY OF CARD.  AT REYNOLD'S RESIDENCE IN CREVE COEUR, SHE HAD TARGETS PUSH PINNED UP IN HER LIVINGROOM ON THE WALL THAT SHE HAD SHOT AT AN INDOOR RANGE.  SHE HAD ALSO TAKEN PHOTOGRAPHS OF HER GETTING HER FOID CARD, PURCHASING THE GUN AND THEN TAKING THE GUN TO THE RANGE.  ALL OF THIS JUST SEEMED A LITTLE STRANGE FOR SOMEONE TO KEEP OR DO AND TO HAVE IT HANGING ON THE WALL OF THE LIVINGROOM.  AT NO TIME DID REYNOLDS BECOME UPSET OR ANGRY WITH ME, IT WAS AS IF NOTHING MATTERED OR APPEARED TO PHASE HER AT ALL.

| INVESTIGATING OFFICER (S) | REPORT MADE BY | DATE | APPROVED BY |
|---|---|---|---|
| TARA BEENEY | *Tara Beeney* THIS CASE IS | 03-22-04 | SCI OD SLL 3260 |

CASE FILED ☐ YES ☒ NO    ☐ UNFOUNDED ☐ CLEARED BY ARREST    ☒ INACTIVE ☐ ACTIVE    ☐ OTHER

# IN THE CIRCUIT COURT OF PEORIA COUNTY, ILLINOIS
## COUNTY DEPARTMENT - COUNTY DIVISION

IN THE MATTER OF THE APPLICATION OF ) 
THE COUNTY TREASURER AND EX-OFFICIO ) 
COUNTY COLLECTOR OF PEORIA COUNTY, ) 
ILLINOIS, FOR ORDER OF JUDGMENT AND ) No. 02-TX-116
SALE AGAINST REAL ESTATE RETURNED ) 
DELINQUENT FOR THE NONPAYMENT OF ) 
GENERAL TAXES FOR THE YEAR 1998 ) 
 ) 
PETITIONER: ) 

FILED
ROBERT M. SPE

APR 0 7 200

CLERK OF THE CIRCUI
PEORIA COUNTY, ILL

CARRINGTON PROPERTIES, LTD.
an Illinois corporation.

### ORDER ON PETITION FOR TAX DEED

NOW COMING ON FOR HEARING, the Petition for Tax Deed heretofore filed by

Carrington Properties, Ltd., an Illinois corporation, the Petitioner being present by its counsel,

Roger E. Holzgrafe, of the law firm of Westervelt, Johnson, Nicoll & Keller, LLC., it appearing

to the Court that (1) the property that is the subject of the Petition is Parcel No. 13-24-251-002,

(2) all notices required to be given in accordance with the provisions of the Property Tax Code

have been given, (3) the period for redemption of the property from the tax sale expired March

28, 2003, and (4) the property was redeemed from the tax sale by the payment of the delinquent

taxes prior to March 28, 2003.

IT IS THEREFORE ORDERED that the prayer of the Petition is denied.

Entered this 7th day of April, 2003.

/s/ John A BARRA

Judge of the Tenth Judicial Circuit

REYNOLDS, SUSAN V
Room #4302
MRN    1155525
Acct   #2837557

**Saint Francis Medical Center - Peoria**

*A Major Teaching Affiliate of*

UIC
College of Medicine
at Peoria
(rev. 7/83)

REPORT OF OPERATION
PAGE 1

DR. J. KEVIN PAULSEN
DR. DANIEL R. HOFFMAN
DR. JOSEPH J BANNO

PREOPERATIVE DIAGNOSIS:    Cholecystitis.

POSTOPERATIVE DIAGNOSIS:   Cholecystitis.

SURGEON:                   J. Kevin Paulsen, M.D.

OPERATION:                 LAPAROSCOPIC CHOLECYSTECTOMY.
                           OPERATIVE CHOLANGIOGRAM.

TIME:                      1253-1329

ANESTHESIOLOGIST:          Dr. Wesson

PROCEDURE:   This procedure was performed under general endotracheal anesthesia. A Foley catheter was inserted sterile technique. The abdomen was prepped with Duraprep and appropriately draped. An incision was made in the umbilicus. A 10mm trocar was inserted through this incision into the peritoneal cavity. $CO_2$ pneumoperitoneum was developed. A laparoscope was inserted. The omentum and peritoneum was normal. The liver was normal. The gallbladder did not appear to be acutely inflamed.

Under direct vision a 10mm trocar was placed in the midepigastrium. Two 5mm trocars were placed in the right subcostal margin midclavicular line and the anterior axillary line. A 3mm trocar was placed in the right subcostal margin midclavicular line.

The gallbladder was mobilized. Dissection of the hepatic duodenal ligament revealed the cystic duct at its insertion to the common bile duct. The cystic duct was cannulated. Under fluoroscopic guidance, an operative cholangiogram was performed. The operative cholangiogram was normal.

The catheter was removed from the cystic duct, the cystic duct was ligated with endoclips and divided. The cystic artery was identified, ligated with endoclips and divided. The gallbladder was removed from the gallbladder bed with an ultrasonic scalpel. Excellent hemostasis was obtained. The area was thoroughly irrigated with Ringers lactate solution.

The gallbladder was brought out through the umbilical incision. The umbilical fascia was reapproximated with interrupted 2-0 Vicryl sutures. These were placed on special laparoscopic needles.

All remaining trocars were removed. All skin incisions were closed with interrupted

IN THE TENTH JUDICIAL  RCUIT COURT OF ILLINOIS
TAZEWI L COUNTY

**FILED**

JAN 1 0 2002

OPLE OF THE STATE OF ILLINOIS
Plaintiff/Respondent,

No. 01 CM 1333

Tam Gardner
TAZEWELL COUNTY CIRCUIT Clerk
TENTH JUDICIAL CIRCUIT OF ILLINOIS

SUSAN V. REYNOLDS,
Defendant/Petitioner.

## MOTION TO DENY PETITION

Now comes the People of the State of Illinois, by Assistant State's Attorney Scott R.

Paulsen, and in response to the Petition For Rule to Show Cause filed by Defendant/Petitione

requests the court to deny said Petition, and in support thereof states as follows.

1.   Defendant/Petitioner fails to state facts of or provide a copy of a valid order/judgment

...ered against Respondent.

2.   Respondent has not failed to obey any court order as described in the Petition.

WHEREFORE, the People of the State of Illinois respectfully requests the court to deny

the Petition for an Order to Show Cause, and/or for such other relief the court deems proper.

THE PEOPLE OF THE STATE OF ILLINOIS

By: _____
Scott R. Paulsen
Assistant State's Attorney. Tazewell County, Illinois

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
COUNTY OF TAZEWELL

THE PEOPLE OF THE STATE OF ILLINOIS    )
                                       )
                        vs             )
                                       )        No. 01 CM 1333
Susan Reynolds                         )
                        Defendant      )

### MOTION TO DISMISS

THE PEOPLE OF THE STATE OF ILLINOIS by STEWART J. UMHOLTZ, State's

Attorney, through _____PYuh_____ Assistant State's

Attorney, move to dismiss the above-captioned cause against the above-

named Defendant who is charged with _Violation of Order_

_Of Protection_____, the People representing that

_this is being done in the Interest of_

_Justice_____.

w/leave

                                FOR THE PEOPLE:

                                STEWART J. UMHOLTZ, State's Attorney

                                By_____
                                   Assistant State's Attorney

--------------------------------------------------------------

### O R D E R

On Motion of THE PEOPLE OF THE STATE OF ILLINOIS;          MAR 1 1 2004

IT IS HEREBY ORDERED that this cause is DISMISSED;

IT IS HEREBY FURTHER ORDERED that the Defendant be discharged;
that the recognizance or bail bond, together with any security thereon,
be released according to law, minus bail bond fee; and that any arrest
warrant which may be outstanding in this cause be recalled.

ENTERED:_____2-11-04_____

                                _____
                                JUDGE OF THE TENTH JUDICIAL CIRCUIT

RECEIVED

MAR 1 2 2004

Office of the State Appellate Defender
THIRD DISTRICT
OTTAWA, ILLINOIS

page 6

MAY-08-2003 08:29                                                                    P.02

REYNOLDS, SUSAN V
Room   #4302
MRN    1155525
Acct   #2837557
Surg   9-15-95

**Saint Francis Medical Center - Peoria**

*A Major Teaching Affiliate of*

UIC
**College of Medicine**
at Peoria
(rev. 7/93)

REPORT OF OPERATION
PAGE 2

subcuticular sutures of 5-0 PDS.  Appropriate dressings were applied.  The patient tolerated
the procedure well and left the operating room in stable condition.  Estimated blood loss
for the procedure was less than 20cc.  Sponge, lap and needle counts were correct.

Tape  # 5
D 9-18-95
T 9-21-95/ciw

J. Kevin Paulsen, M.D.
(Signature Electronically Affixed)

TOTAL P.02



### APPELLATE COURT    THIRD DISTRICT
### OTTAWA

3-01-0793

RICHARD B. REYNOLDS,
     Plaintiff-Appellee,
     v.
SUSAN V. REYNOLDS,
     Defendant-Appellant.

Appeal from Tazewell County
Circ. Ct. No. 01OP54
~~Honorable~~ Scott ~~Shore~~


     BE IT REMEMBERED, that, to-wit:  On the 15th day of
November, 2001 an Order of the aforementioned Court was entered of
record and in accordance with the views expressed in the attached
Order ~~this~~ appeal is Dismissed on Motion of Appellant.

     ~~In accordance with Supreme Court Rule 368, this mandate~~
~~is issued.~~

     Costs to be taxed in accordance with the law.

RECORDING REQUESTED
BY AND MAIL TO

JAMES D. REYNOLDS
529 First National Bank Building
Peoria, Illinois 61602-1190

RECORDED IN OFFICIAL RECORDS
OF ORANGE COUNTY, CALIFORNIA

1:30 MAY 1 1989
P.M.

*Lee O. Branch* RECORDER

## REVOCATION OF POWER OF ATTORNEY

Now comes JAMES D. REYNOLDS and MARJORIE A. REYNOLDS, 855 Via

Las Palmas, Palm Springs, California 92262 and specifically revoke

the Power of Attorney granted to SUSAN V. REYNOLDS on April 20,

1982. Said revocation is in writing and pursuant to paragraph H

of said instrument. Power of Attorney recorded February 27, 1989 at 3:35 p.m.
No. 89-101690, in Orange County, California.

IN WITNESS WHEREOF, we have hereunto signed our names and

affixed our seal this 4th day of April, 1989.

_____          _____
MARJORIE A. REYNOLDS                       JAMES D. REYNOLDS

STATE OF ILLINOIS)
                 )SS.
COUNTY OF PEORIA )

I, the undersigned, a Notary Public in and for said County,
in the State aforesaid, DO HEREBY CERTIFY THAT

MARJORIE A. REYNOLDS and JAMES D. REYNOLDS

personally known to me to be the same persons whose names are subscribed
to the foregoing instrument, appeared before me this day in person and
acknowledged that they signed, sealed and delivered the said instrument
as their free and voluntary act, for the uses and purposes therein set
forth. Given under my hand and notarial seal this 4th day of April, 1989.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
SHIRLEY A. ADKINS
Notary Public, State of Illinois
My Commission Expires 6-7-91